IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| JOSE BRAVO-VARGAS, | ) |
|       Petitioner, | ) ) ) |
| v. | )   Case No. 6:26-CV-03093-BCW |
| JIM ARNOTT, as Sheriff, Greene County Jail, et al., | ) ) ) ) |
|       Respondents. | ) ) |

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Before the Court is Petitioner Jose Bravo-Vargas's Verified Petition for Writ of Habeas Corpus. (Doc. #1). The Court, being duly advised of the premises, in consideration of the Verified Petition and the Respondents' brief (Doc. #5), grants the petition for habeas corpus relief as follows.

**BACKGROUND**

On February 11, 2026, Petitioner Jose Bravo-Vargas, through counsel, filed the instant petition for writ of habeas corpus in this Court, alleging four claims: (I) Violation of 8 U.S.C. § 1226(a) Unlawful Denial of Release on Bond; (II) Violation of 8 C.F.R. §§ 236.1, 1236.1, 1003.19 Unlawful Denial of Release on Bond; (III) Violation of Fifth Amendment Right to Due Process; and (IV) Entitlement to Attorney Fees and Costs. (Doc. #1).

As set forth in his Verified Petition, Bravo-Vargas is in the custody of the U.S. Department of Homeland Security ("DHS"), housed at the Greene County Jail in Springfield, Missouri. Bravo-Vargas's petition for habeas relief names the following Respondents in their respective official capacities: (1) Jim Arnott, Greene County, Missouri Sheriff and Warden of the Greene County Jail who has immediate physical custody of Bravo-Vargas; (2) Samuel Olson, Field Office Director of

1

the Chicago Field Office of U.S. Immigration and Customs Enforcement ("ICE"), Enforcement and Removal Operations, who is Bravo-Vargas's immediate ICE custodian and is responsible for Bravo-Vargas's detention and removal; (3) Todd Lyons, Acting Director of ICE, who has legal custody of Bravo-Vargas and the authority to release him; (4) Kristi Noem, Secretary of DHS, who implements and enforces immigration laws, oversees ICE, and who has legal custody of Bravo-Vargas; and (5) Pamela Bondi, Attorney General of the United States who implements and enforces immigration laws and oversees the Immigration Court system through the Executive Office for Immigration Review as part of the U.S. Department of Justice ("DOJ"), who has legal custody of Bravo-Vargas.

In 2006, Bravo-Vargas entered the United States without inspection or authorization and has not departed the country since his arrival. He has maintained employment, has four children who are United States citizens and one who is a Lawful Permanent Resident by marriage, and has no criminal history. His only law enforcement contact prior to his arrest by ICE was a citation for a failed brake light, for which he incurred a small fine that he promptly paid.

In July 2025, DHS issued Interim Guidance to ICE employees notifying that "DHS, in coordination with the [DOJ], has revisited its legal position on detention and release authorities. DHS has determined that section 235 of the Immigration and Nationality Act ('INA') [8 U.S.C. § 1225], rather than 236 [8 U.S.C. § 1226], is the applicable immigration detention authority for all applicants for admission. [. . . .]" "ICE Memo: Interim Guidance Regarding Detention Authority for Applications for Admission" (July 8, 2025), <u>available at</u> aila.org/ice-memo-interim-guidance-regarding-detention-authority-for-applications-for-admission. Subsequently, the Board of Immigration Appeals ("BIA") issued its decision in <u>Matter of Jonathan Javier Yajure Hurtado</u>, in which the BIA changed its long-standing position that a person in Bravo-Vargas's circumstances
2

is entitled to consideration for release on bond. 29 I. & N. Dec. 216, 2025 WL 2674169 (BIA Sept. 5, 2025); Guzman Coa v. Noem, No. 6:25-cv-03323-BP, at 2 (W.D. Mo. Dec. 2, 2025).

On December 26, 2025, DHS detained Bravo-Vargas as "inadmissible" under 8 U.S.C. § 1182(a)(6)(A)(i). Bravo-Vargas is and has been in ICE custody since and has not been provided a bond hearing on the basis that he is mandatorily detained pending removal proceedings under 8 U.S.C. § 1225(b)(2)(A).

On February 11, 2026, this Court issued an Order to Show Cause why the relief sought in Bravo-Vargas's petition for habeas relief should not be granted. (Doc. #3). Respondents filed a timely response to the Order to Show Cause. (Doc. #5).

## LEGAL STANDARD

A person detained by the government may challenge the legality of the confinement through a petition for writ of habeas corpus, including an individual challenging detention relating to immigration proceedings. Preiser v. Rodriguez, 411 U.S. 475, 485 (1973); Zadvydas v. Davis, 533 U.S. 678, 687 (2003); 28 U.SC. § 2241. The petitioner "bears the burden of proving that he is being held contrary to law; and because the habeas proceeding is civil in nature, he must satisfy his burden of proof by a preponderance of the evidence." Freeman v. Pullen, 658 F. Supp. 3d 53, 58 (D. Conn. 2023) (quoting McDonald v. Feeley, 535 F. Supp. 3d. 1238, 1235 (W.D.N.Y. 2021) (cleaned up)).

## ANALYSIS

The dispositive issue for Bravo-Vargas's petition is whether his detention pending removal is discretionary pursuant to § 1226(a), such that he is entitled to a bond hearing, or whether his detention pending removal is mandatory pursuant to § 1225(b)(2)(A).

3

Bravo-Vargas argues his detention pending removal proceedings falls under § 236 of the INA, 8 U.S.C. § 1226.

> On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States. Except as provided in subsection (c) and pending such decision, the Attorney General – (1) may continue to detain the arrested alien; and (2) may release the alien on – (A) bond of at least $1,500 with security approved by, and conditions prescribed by, the Attorney General; or (B) conditional parole; but (3) may not provide the alien with work authorization . . . unless the alien is lawfully admitted for permanent residence or otherwise would (without regard to removal proceedings) be provided such authorization.

8 U.S.C. § 1226(a). Bravo-Vargas asserts he is entitled to a bond hearing because he is detained pursuant to § 1226(a). (Doc. #1).

In opposition, Respondents assert Bravo-Vargas's detention pending removal falls under § 235 of the INA, 8 U.S.C. § 1225.

> Subject to subparagraphs (B) and (C), in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a ["Removal proceedings"] of this title.

8 U.S.C. § 1225(b)(2)(A). Respondents argue Bravo-Vargas's detention is mandatory and he is not entitled to a bond hearing because he is detained under § 1225(b)(2)(A). (Doc. #5).

This Court has previously concluded that Respondents' interpretation of the statutes is not supported by the plain language of the text, statutory construction, or legislative intent. See Escoto v. Arnott, No. 6:25-CV-03364-BCW, Doc. #6 (W.D. Mo. Dec. 17, 2025). The Court adopts its reasoning in the Escoto order without reproducing it here.

In short, Bravo-Vargas is not subject to § 1225(b)(2)(A) mandatory detention pending removal proceedings. Rather, Bravo-Vargas's detention pending removal is pursuant to § 1226(a), under which he has the right to a bond hearing. Because this determination is a sufficient basis on

which to grant Bravo-Vargas's petition for habeas relief under § 2241, the Court need not consider Bravo-Vargas's other arguments. Accordingly, it is hereby

ORDERED Petitioner Jose Bravo-Vargas's Verified Petition for Writ of Habeas Corpus (Doc. #1) is GRANTED. Petitioner is not subject to mandatory detention under § 1225 and is entitled to a bond hearing under § 1226. Respondents are ORDERED to either release Petitioner or grant him a bond hearing **within seven (7) calendar days of the date of this Order**. It is further

ORDERED that Petitioner shall not be transferred outside of this District prior to compliance with this Order. It is further

ORDERED Petitioner's request for attorney's fees is GRANTED. **Within 10 days of the date of this Order**, counsel shall file a separate and independent motion for attorney's fees, accompanied by detailed billing records supporting a reasonable fee request for time reasonably expended in preparation of the habeas corpus petition.

IT IS SO ORDERED.


Date: February 13, 2026 /s/ Brian C. Wimes
BRIAN C. WIMES, CHIEF JUDGE
UNITED STATES DISTRICT COURT